UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA M. HUGHEY, and
CHRISTOPHER HUGHEY,

    Plaintiffs,

vs.                                                Case No.:

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

DEFENDANT, WAL-MART STORES, EAST, L.P. ("WAL-MART"), by and through its undersigned attorney, pursuant to 28 U.S.C. §1446(a) hereby files this Notice of Removal from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, based on diversity jurisdiction as set forth in 28 U.S.C. §1332(a), and in support thereof states:

    1.    The federal district court has jurisdiction of any "civil actions in which the matter in controversy exceeds the sum or value of $75,000 . . . and is between – citizens of different states." 28 U.S.C. §1332(a)(1).

## COMPLETE DIVERSITY EXISTS AMONGST THE PLAINTIFFS AND DEFENDANT

    2.    Wal-Mart is a foreign limited partnership which for the purposes of diversity jurisdiction under 28 U.S.C. 1332(c)(1), is, and was at the time the above captioned case was filed in State Court, a "resident" of Arkansas and Delaware.

3. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.

4. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.

5. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

6. Wal-Mart Stores Inc., is, and was at the time of the filing of the Complaint, an incorporated entity under the laws of the State of Delaware.

7. The principal place of business for all of the above mentioned entities (Wal- Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of the filing of the Complaint, Bentonville, Arkansas.

8. Hence, Wal-Mart Stores East, LP, is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

9. Plaintiffs allege in their Complaint that they are residents of Florida.

10. Therefore, as the Plaintiffs are residents of Florida, and Wal-Mart Stores East, LP, is a citizen of Arkansas and Delaware, complete diversity exists under 28 U.S.C. §1332.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

11. The Plaintiffs seek money damages for alleged personal injuries that exceed $75,000.00. Wal-Mart specifically denies the Plaintiffs' entitlement to said damages.

12. Pursuant to 28 U.S.C. § 1446(b), a defendant may remove a case from a State court within thirty days following receipt of "an amended pleading, motion, order or other paper" rendering the action removable.

13. A removing defendant bears the burden of proving that federal jurisdiction exists by presenting documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." Lowery v. Alabama Power, 483 F.3d 1184, 1218 (11th Cir. 2007).

14. The Plaintiffs' admission through their Response to Defendant's Request for Admissions is a clear and unambiguous statement that establishes that the amount in controversy exceeds $75,000, allowing for removal if complete diversity exists. See, Exhibit A.

## CONCLUSION

15. Therefore, Defendant would ask the Court to accept the Plaintiffs' Response to Defendant's Request for Admissions as sufficient evidence of the amount in controversy and would respectfully request removal of this case to Federal Court pursuant to 28 U.S.C. §1146(b), as jurisdiction is proper because complete diversity exists and the amount in controversy exceeds $75,000.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Florida Court's E-Portal to: E. Patton Youngblood, Esq. at patton@youngbloodlaw.com and sean@youngbloodlaw.com on this 2nd day of February, 2022.

>   */s/ Andrew S. Bolin, Esq., BCS*
> Andrew S. Bolin, Esquire, BCS
> Florida Bar No. 0569097
> Christie Alisca, Esquire
> Florida Bar No. 124020
> *Bolin Law Group*
> 1905 E. 7th Avenue
> Tampa, FL 33605
> T: (813) 848-0600; F: (813) 848-0090
> jec@bolin-law.com
> amc@bolin-law.com
> scr@bolin-law.com
> Attorneys for Defendant

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
OF THE STATE OF FLORDIA, IN AND FOR PINELLAS COUNTY
CIVIL DIVISION

DONNA M. HUGHEY, and
CHRISTOPHER HUGHEY,

    Plaintiffs,

vs.                                                          CASE NO.:     21-CA-004877

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**PLAINTIFF, DONNA M. HUGHEY'S, RESPONSE TO
DEFENDANT'S REQUEST FOR ADMISSIONS AND INCORPORATED
INTERROGATORIES TO PLAINTIFFS**

Plaintiffs, DONNA M. HUGHEY and CHRISTOPHER HUGHEY, by and through undersigned counsel; pursuant to 1.370, Fla.R.Civ.P., files the following responses to Defendant's Request for Admissions, propounded on December 17, 2021:

1. Admit that Plaintiffs, at all times material to the incident that makes up the basis for the Complaint, had a permanent, physical residence and were domiciled in Florida.

    **Admitted.**

2. Admit that Plaintiffs currently have a permanent, physical residence and are domiciled in Florida.

    **Admitted.**

3. Admit that the Plaintiffs, at all times material to the incident that makes up the basis for the Complaint, had no plans to move out of the State of Florida.

    **Admitted.**

4. Admit that the Plaintiffs currently have no plans to move out of the State of Florida.

    **Admitted.**

Exhibit "A"

5. Admit that the Plaintiffs, at all times material to the incident that makes up the basis for the Complaint, were citizens of the State of Florida and were domiciled in the State of Florida.

   **Admitted.**

6. Admit that Plaintiffs are currently citizens of the State of Florida.

   **Admitted.**

7. Admit that the Plaintiffs are alleging damages in excess of $75,000.00

   **Admitted.**

## INTERROGATORIES

a. If the Plaintiffs did have plans to move out of the State of Florida, please provide where the Plaintiffs were planning to move.

   **Plaintiffs did not have plans to move out of state.**

b. If the Plaintiffs do currently have plans to move out of the State of Florida, please provide where the Plaintiffs are planning to move.

   **Plaintiffs do not have plans to move out of state.**

c. If the Plaintiffs are alleging damages in excess of $75,000.00, please provide an itemized breakdown of the damages that the Plaintiffs are seeking.

   **Please see Answers to Interrogatories and Response to Request for Production for itemized breakdown. Plaintiffs is seeking damages regarding medical expenses (past and unknown future expenses; including liens associated with medical expenses), pain and suffering (past and future), and Loss of Consortium.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the Florida Courts E-filing Portal, at www.myflcourtaccess.com, which will serve all counsel of record by email at the address(es) designated thereby, this 3rd day of January, 2022.

By: _____
T. PATTON YOUNGBLOOD, JR., ESQ.

Fla. Bar No. 0849243
Y<small>OUNGBLOOD LAW FIRM</small>
First Central Tower
360 Central Avenue, Suite 800
St. Petersburg, Florida   33701
Telephone: (727) 563-0909
Facsimile:  (727) 592-5316
Primary:    patton@youngbloodlaw.com
Secondary: sean@youngbloodlaw.com
*Attorneys for Plaintiff*